IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

CANDY BUCKNER,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          Case No. 13-5159-CV-SW-ODS
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of Social Security, )
                                        )
                    Defendant.          )

**ORDER AND OPINION REVERSING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS
AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying her application for disability benefits. The Commissioner's decision is
reversed and the case is remanded for further proceedings.

Plaintiff filed her application for supplemental security income benefits on
February 14, 2011. The ALJ found Plaintiff suffered from the following severe
impairments: carpal tunnel syndrome, back and neck pain, hypertension, diabetes,
elevated cholesterol, nerve damage, arthritis, and blindness in her left eye. R. at 16.
He nonetheless found Plaintiff retained the residual functional capacity ("RFC") to
perform sedentary work except that she was limited to lifting ten pounds and could sit
six hours per day, stand and walk for two hours per day, and could see only out of her
right eye. R. at 16-17. The critical question is whether there is sufficient support for the
RFC formulated by the ALJ. The Court concludes there is not.

The ALJ asked Plaintiff's counsel to identify any medical records that described
Plaintiff's functional limitations; counsel indicated there were no such records because
Plaintiff "doesn't have a treating physician, and she's been limited to going to the
emergency room of McCune-Brooks Hospital, pretty much, for the last year or so." R. at

38.[1]  The ALJ addressed this difficulty in his written opinion by explaining that counsel's claim was "inconsistent with the record, which shows that the claimant received ongoing regular treatment at Access Family Care between November 2010 until March 2012. Beginning in March 2012 the claimant received treatment at Mercy McCune-Brooks Hospital."  R. at 20.  He then considered "the absence of the medical records describing any functional limitations related to her alleged severe impairments" as a negative factor militating against Plaintiff's testimony about the impact of her ailments.

The problem is that the Record does not support the ALJ's characterization of Plaintiff's treatment history.  Plaintiff went to Access Family Care on four occasions:

1. November 1, 2010.  R. at 222-27.
2. December 1, 2010.  R. at 235-41.
3. January 3, 2011.  R. at 242-46.
4. February 25, 2011.  R. at 247-52.

A request for additional records was issued, but Access Family Care responded by indicating Plaintiff's last visit was on February 25, 2011.  R. at 268.  The next record of a visit to a health care provider was from Mercy McCune-Brooks Hospital in March 2012 – a gap of over a year.  On that occasion she complained of a sore throat – a condition unrelated to her severe impairments.  R. at 308-14.  She returned on April 17, R. at 302-7, and April 28, R. at 296-301, but the records from those visits do not clearly indicate their purposes.  A visit on June 3 revealed Plaintiff's blood sugar was high.  R. at 287-95.  On July 24, Plaintiff complained of dizziness.  R. at 272-84.

The Record does not support the ALJ's finding that Plaintiff received continuous care from November 2010 until March 2012, followed up by regular treatment at Mercy McCune-Brooks Hospital.  There is a gap of over a year between her last visit at Access Family Care and the hospital.  She had only four visits at Access Family Care and only five at the hospital, and not all of those visits related to her severe impairments.  The Record refutes the ALJ's characterization of Plaintiff's medical treatment, and the Court cannot say the ALJ's erroneous characterization was unimportant to the ultimate decision.  It appears that the ALJ relied on the absence of opinion from a long-term healthcare provider – which would ordinarily be probative, except in this case Plaintiff

---

[1]The hearing took place in August 2012.

did not have a long-term healthcare provider, so the absence of a report detailing her functional restrictions is not necessarily probative.

Moreover, the true facts demonstrate an absence of medical data to support the ALJ's RFC formulation. While "a claimant's RFC is a medical question, . . . in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007). It is not true that the RFC can be proved *only* with medical evidence. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000); Dykes v. Apfel, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam). However, there must be some medical evidence to support the finding. E.g., Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000).

On remand, the ALJ must augment the Record with additional medical evidence bearing on Plaintiff's condition and functional restrictions. This will require arranging for Plaintiff to be examined by a consulting physician. The ALJ is free to consider Plaintiff's compliance with doctors' instructions in establishing Plaintiff's credibility. E.g., Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006). The ALJ can also consider what Plaintiff's condition would be if she complied with doctors' instructions because ""[i]mpairments that are controllable or amenable to treatment do not support a finding of total disability." Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999).

IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 20, 2014                   UNITED STATES DISTRICT COURT